**AUBURN SAVINGS BANK**

v.

**Elmer W. CAMPBELL, Bank Commissioner.**

Supreme Judicial Court of Maine.

Feb. 25, 1971.

Willis A. Trafton, Auburn, for plaintiff.

Clayton N. Howard, Asst. Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and WERNICK, JJ.

WEBBER, Justice.

This was an appeal taken pursuant to 9 M.R.S.A., Sec. 7 from an order promulgated by the Bank Commissioner. The resolution of the issue presented involves the construction of 9 M.R.S.A., Sec. 568 enacted as a part of P.L.1969, Ch. 401, Sec. 18 and captioned "Other prudent loans." This appeal was by agreement reported to the Law Court upon the following agreed statement of facts:

"The parties hereto by their respecttive counsel stipulate as to the following facts and agree that the same are true and correct but make no agreement as to the weight to be given them nor as to the relevancy or materiality thereto.

"1. The facts are as set forth in paragraphs one (1) to fourteen (14) of the Complaint, except that the statutory reference in paragraph thirteen (13) should state Title 9, section 6, sub-section 8.

"2. The subject loan in the amount of $14,400 to Gordon T. Ellis and Carol W. Ellis is secured by a first mortgage of real estate located in the State of Maine and is evidenced by a note that requires repayment of the entire loan by monthly payments of interest and principal within a period not exceeding 30 years.

"The bank has appraised the subject real estate as having a market value of $16,000. The loan amount of $14,400 is 90% of the appraised market value, which percentage exceeds the 80% limitation set forth in 9 M.R.S.A. § 561(1) (B).

"3. The subject loan does not qualify as a loan under § 561(1) (C), § 561(1) (D), § 561(1) (F), or § 561(1) (G) of Title 9 of the Maine Revised Statutes Annotated.

"4. The making of the aforesaid loan did not cause the Plaintiff to exceed the percentage limitation on real estate

mortgages set forth in 9 M.R.S.A. § 561 (1) (E) or the aggregate loan percentage limitation of 9 M.R.S.A. § 570.

"5. The making of the aforesaid loan did not cause the Plaintiff Bank to exceed either the 5% limitation or the 1% limitation of 9 M.R.S.A. § 568.

"6. The following Attorney General's Opinions interpreting the so-called prudent man sections of the Savings Bank Investment Law were issued for the guidance of the Department of Banks and Banking on the dates set forth thereon:

'Exhibit A', date May 19, 1967 to Alden H. Mann from Jerome S. Matus,

'Exhibit B', date September 3, 1969 to Elmer W. Campbell from Harry N. Starbranch,

'Exhibit C', date September 12, 1969 to Elmer W. Campbell from Harry N. Starbranch."

It is apparent that the Commissioner's interpretation of the statute was based upon a legal opinion furnished him by the Attorney General. Under these circumstances we are not dealing with a matter involving the special knowledge, experience or expertise of the Commissioner which would induce us to give added weight to the conclusion reflected in his order. The case presents a single issue of law.

We are satisfied that the history of legislative action casts interpretive light on the statute now under scrutiny. The Legislature has long exercised appropriate control over the kinds of investments and the kinds of loans which savings banks could lawfully make. In 1955 the need was recognized for what might be termed a "prudent man" investment provision, the portfolio of such investments to be limited to a small percentage of deposits. By P.L.1955,

Ch. 380 such a provision was enacted as part of Sec. 1 in this form:

"Sec. 19–I (of R.S.1954, Ch. 59). Investments. Savings banks may hereafter invest their funds in securities, * * *, in accordance with the following provisions, viz: * * *

"XIX. Other securities. In such *other* securities as the trustees of a bank may consider to be sound prudent investments. Not more than 3% of the deposits of a bank shall be invested in securities within the coverage of this subsection." (Emphasis ours) [1]

In 1965 an additional need was recognized for a "prudent man" loan provision permitting discretionary loans otherwise not legal for savings banks. By P.L.1965, Ch. 335, Sec. 5 the Legislature enacted a new Section 556 additional to 9 M.R.S.A. as follows:

"Sec. 556. Other loans

A savings bank may hereafter make such *other* loans as the trustees of the bank consider to be sound, prudent loans. Not more than 2% of the deposits of a bank shall be loaned within the coverage of this section. Not more than 1% of the deposits of a bank shall be loaned under this section to any one borrower." (Emphasis ours).

In 1965 the Attorney General had occasion to interpret the "prudent man" investment provision. He narrowly construed the word "other" as meaning that "prudent man" investments must be in categories other than those established and specifically limited and defined by other investment provisions of the statute.

By P.L.1969, Ch. 401 the Legislature completely revised the savings bank laws. Section 20 included a change in the "prudent man" investment provision so that it

---

[1]. By P.L.1963, Ch. 162, Sec. 10 the 3% limit was increased to 5%, and by P.L. 1965, Ch. 335, Sec. 12 further increased to 10%.

now reads (being renumbered as 9 M.R.S.A., Sec. 634):

"Sec. 634. Other prudent securities

In such securities as the trustees consider to be sound, prudent investments, the making of which would not otherwise be legal but for this section. Not more than 10% of the deposits of a bank shall be invested in securities within the coverage of this section."

Notably absent in the revised statutory text (apart from the caption) is the word "other." Significantly added are the words, "the making of which would not otherwise be legal but for this section."

As part of the same revision (P.L.1969, Ch. 401) the "prudent man" loan provision was similarly changed. Section 18 renumbered the section to become 9 M.R.S.A., Sec. 568 and revised it so as to read:

"Sec. 568. Other prudent loans

A savings bank may hereafter make *such loans* as the trustees of the bank consider to be sound prudent loans, *the making of which would not otherwise be legal but for this section*. Not more than 5% of the deposits of a bank shall be loaned within the coverage of this section. Not more than 1% of the deposits of a bank shall be loaned under this section to any one borrower." (Emphasis ours).

Here again the word "other" was dropped and the same additional phrase found in the new "prudent man" investment provision above quoted was inserted.

In September, 1969 the Attorney General issued two anticipatory opinions[2] to the Bank Commissioner, one construing the newly enacted "prudent man" investment provision and the other the "prudent man" loan provision. Notwithstanding the changes in language, these opinions adhered to the earlier view. The Bank Commissioner has accordingly issued the order under review canceling, revoking and voiding a certain loan made by Auburn Savings Bank. This loan is in an amount equal to 90% of the appraised value of the property mortgaged as security therefor, and is further protected by a contract with Mortgage Guaranty Insurance Corp. of Milwaukee which provides reimbursement up to 20% of the outstanding balance in event of default. This loan does not meet the requirements of any provision of the law dealing with and expressly permitting certain types of mortgage loans. It is a legal loan *only* if it qualifies as a "prudent man" loan—and in fact, no doubt in order to instigate judicial review, it was made expressly as a "prudent man" loan by the trustees.

We think the changes made by the Legislature are significant and were designed to broaden the interpretation to be given the two "prudent man" provisions. The language and intention of the statute as revised are clear. The trustees have been given the authority to make discretionary loans not otherwise legal but in their judgment sound and prudent. No other test is applied. Protection against abuse of the trustees' discretion is afforded by limiting the maximum loan funds available for this purpose to 5% of deposits and the maximum loan or loans which may be made to any one borrower to 1% of deposits. In our view the loan made by appellant meets all the requirements of 9 M.R.S.A., Sec. 568 and is a legal loan.

Appeal sustained.

2. P.L.1969, Ch. 401 became effective October 1, 1969.